BURGESS, Respondent, v. EHLERS et al., Appellants. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by William H. Burgess against Oscar Ehlers, impleaded, etc. Payson Merrill, for respondent.

PER CURIAM. The appellant having made no argument, and having submitted no points, and the record showing that the appeal is frivolous, it is, on motion of Mr. Payson Merrill, of counsel for the respondent, ordered that the judgment appealed from be, and the same hereby is, affirmed, with costs.

BURTIS, Appellant, v. PARADIS, Respondent. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by James M. Burtis against Adrian Paradis. No opinion. Order affirmed, with costs. All concur.

BUTCHER, Appellant, v. HENNING et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by Edward Butcher, Jr., against John L. Henning and William H. McCall. No opinion. Motion denied, without costs. See 39 N. Y. Supp. 1122.

CALLAN, Appellant, v. CALLAN, Respondent. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by William Callan against Margaret Callan. No opinion. Judgment modified by reducing the recovery to $30, with costs in courts below, and, as so modified, affirmed, without costs to either party of this appeal. All concur.

CANTONI v. FORSTER. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by Salvatore Cantoni against Elsa Forster. No opinion. Motion granted.

CATOIR v. BUDENBENDER. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by John Catoir against George F. Budenbender. No opinion. The papers on this application will be filed with the clerk of this court; the motion to stand over until after the trial of the action brought by the moving party against the attorney. It may then be brought on for hearing upon these papers, together with such additional papers as shall then be served by either party.

CERNEY v. D. MAYER BREWING CO. (Supreme Court, Appellate Term, First Department. October, 1896.) Petition of Joseph Cerney against the D. Mayer Brewing Company. M. Hallheimer, for petitioner. B. Lewinson, for respondent. No opinion. Affirmed upon argument.

CHAPPELL, Appellant, v. ROCHESTER PRINTING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Clara W. Chappell against the Rochester Printing Company. No opinion. Motion for a new trial denied, with costs and judgment ordered for the defendant, with costs. All concur.

CHRISTIE, Appellant, v. KAHALY, Respondent. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by George Christie against John G. Kahaly. Frank Moss, for appellant. Herbert W. Grindal, for respondent.

PER CURIAM. The motion was properly denied because the action was not against the receiver, but the individual. The order appealed from should be affirmed, with $10 costs and disbursements.

CITIZENS' NAT. BANK OF ADAMS, Respondent, v. FULLER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by the Citizens' National Bank of Adams against Harrison Fuller, impleaded with De Alton Dwight, Austin W. Ingraham, A. Kent Hale, and John Sinclair. Daniel G. Griffin, for appellants. John Lansing, for respondent.

FOLLETT, J. The facts in this case are the same as those in Sinclair v. Fuller (Sup.) 41 N. Y. Supp. 193, except the plaintiff did not know of the sale made December 27, 1893, by the appellant of his shares to Sinclair, and the debts due this plaintiff arose October 1, 1894, and January 9, 1895, after the sale by the appellant of his shares to Sinclair had been registered; and the decision in that case controls this case. The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.

CLARK, Respondent, v. MIDDLETOWN-GOSHEN TRACTION CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Harriet W. Clark against the Middletown-Goshen Traction Company. O'Neill & Royce, for appellant. George T. Clark, for respondent.

PER CURIAM. The judgment appealed from perpetually enjoins the defendant from maintaining its tracks and operating its street railway in the city of Middletown, in front of the plaintiff's premises, until such time as the defendant shall have paid to the plaintiff the sum of $750; being the amount of permanent loss and damage to such premises sustained by reason of the location of defendant's track and operation of its railway in front of such property. It is in the usual form of judgments in elevated railroad cases in New York and Brooklyn, where the easements of abutting owners have been injuriously affected by the structure in the street. The plaintiff is the owner of the fee of the street in front of her property, and under the authority of Craig v. Railroad Co., 39 N. Y. 404, the occupation and use of the street by the defendant for its trolley railroad clearly entitled her to compensation. The court at special term held, upon evidence sufficient to support the finding, that the plaintiff's property had been injured by the proximity of the rail to the curb, which prevented her premises from participating in the advantage which it would otherwise have received from the general enhancement of property values in Middletown. The learned counsel for the appellant, in their brief, assume that the trial judge, in what he said about the